**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASON JOHNSEY,**

    **Plaintiff,**

v.                                                            Case No:

**CAPITAL ONE BANK (USA), N.A.**,

    **Defendant.**                              **DEMAND FOR JURY TRIAL**
_____/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **JASON JOHNSEY** ("Mr. Johnsey" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant**, CAPITAL ONE BANK (USA), N.A.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mr. Johnsey's Cellular Telephone after Mr. Johnsey demanded that Defendant stop calling his Cellular Telephone, which can reasonably be expected to harass Mr. Johnsey.

*Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. §1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

*Parties*

4. Plaintiff, Mr. Johnsey, was and is a natural person and, at all times material hereto, is an adult, a resident of Polk County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mr. Johnsey is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 863-***-3781 ("Mr. Johnsey's Cellular Telephone").

6. At all times material hereto, Defendant was and is an active bank, FDIC # 33954, with its headquarters located at: 4851 Cox Road, Glen Allen, VA 23060.

*Statements of Fact*

7. Mr. Johnsey opened a credit card account with Defendant for his personal purchases, which was assigned a unique account number under his name ("Account").

8. In or around March of 2018, Mr. Johnsey lost his job and encountered financial difficulties, which caused him to fall behind on his payments towards the Account and incur an outstanding balance owed thereunder ("Debt").

9. In attempts to keep up with his obligations to Defendant while he found new employment, Mr. Johnsey arranged a hardship forbearance with Defendant where he would have a ninety (90) day grace period during which no payments towards the Account were required.

10. Unfortunately, Mr. Johnsey had trouble finding new employment and still was not able to remit his regular monthly payments towards the Account after the hardship forbearance ended.

11. Accordingly, in or around July of 2018, Defendant began placing calls to Mr. Johnsey's Cellular Telephone in attempts to collect the Debt.

12. Mr. Johnsey spoke with Defendant in or around July of 2018 and told Defendant that he still could not pay the Debt and demanded that Defendant stop calling his Cellular Telephone.

13. Despite Mr. Johnsey's demand, Defendant continued to place calls to Mr. Johnsey's Cellular Telephone in attempts to collect the Debt.

14. Defendant has called Mr. Johnsey's Cellular Telephone at least one hundred (100) times during the time period from July of 2018 to the present date.

15. Defendant called Mr. Johnsey's Cellular Telephone from telephone number 800-955-6600.

16. Defendant sometimes called Mr. Johnsey's Cellular Telephone up to three (3) times in a single day, including on August 7, 2018.

17. All of Defendant's calls to Mr. Johnsey's Cellular Telephone were placed in attempts to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

18. Mr. Johnsey re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

20. Mr. Johnsey revoked consent for Defendant call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around July of 2018 when he expressly told Defendant to stop calling him.

21. Despite this revocation of consent, Defendant thereafter called Mr. Johnsey's Cellular Telephone at least one hundred (100) times.

22. Defendant did not place any emergency calls to Mr. Johnsey's Cellular Telephone.

23. Defendant willfully and knowingly placed non-emergency calls to Mr. Johnsey's Cellular Telephone.

24. Mr. Johnsey knew that Defendant called Mr. Johnsey's Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the

first few calls from Defendant on his cellular telephone before a live representative of Defendant came on the line.

25. Mr. Johnsey knew that Defendant called Mr. Johnsey's Cellular Telephone using a prerecorded voice because Defendant left Mr. Johnsey several voicemails using a prerecorded voice.

26. Defendant used an ATDS when it placed at least one call to Mr. Johnsey's Cellular Telephone.

27. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mr. Johnsey's Cellular Telephone.

28. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mr. Johnsey's Cellular Telephone.

29. Under information and belief, Defendant used an ATDS when it placed all calls to Mr. Johnsey's Cellular Telephone.

30. At least one call that Defendant placed to Mr. Johnsey's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

31. At least one call that Defendant placed to Mr. Johnsey's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

32. At least one call that Defendant placed to Mr. Johnsey's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

33. At least one call that Defendant placed to Mr. Johnsey's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

34. At least one call that Defendant placed to Mr. Johnsey's Cellular Telephone was made using a prerecorded voice.

35. Defendant has recorded at least one conversation with Mr. Johnsey.

36. Defendant has recorded more than one conversation with Mr. Johnsey.

37. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. Johnsey, for its financial gain.

38. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. Johnsey's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

39. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. Johnsey, despite individuals like Mr. Johnsey revoking any consent that Defendant believes it may have to place such calls.

40. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS

to individual's cellular telephones, like the calls that it placed to Mr. Johnsey's Cellular Telephone.

41. As direct evidence of Defendant's corporate policies and procedures as described above, in November of 2018, YouMail identified Defendant as the number one volume robocaller nationwide with 30,885,500 calls placed to consumers in the **month of November 2018**, which is nearly double the volume of its runner-up robocaller, Affordable Healthcare, which had 15,990,400 calls to consumers in the month of November 2018. *See* **Exhibit "A."**

42. Defendant's phone calls harmed Mr. Johnsey by trespassing upon and interfering with Mr. Johnsey's rights and interests in his Cellular Telephone line.

43. Defendant's phone calls harmed Mr. Johnsey by wasting his time.

44. Defendant's phone calls harmed Mr. Johnsey by being a nuisance and causing him aggravation.

45. Defendant's phone calls harmed Mr. Johnsey by causing a risk of personal injury to Mr. Johnsey due to interruption and distraction.

46. Defendant's phone calls harmed Mr. Johnsey by causing him embarrassment.

47. Defendant's phone calls harmed Mr. Johnsey by causing him emotional distress.

48. Defendant's phone calls harmed Mr. Johnsey by causing him to lose sleep.

49. Defendant's phone calls harmed Mr. Johnsey by causing him stress and anxiety.

50. Defendant's phone calls harmed Mr. Johnsey by invading his privacy.

51. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

52. Mr. Johnsey re-alleges paragraphs 1-17 and incorporates the same herein by reference.

53. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Johnsey's Cellular Telephone despite Defendant's knowledge that Mr. Johnsey was still having financial difficulties due to loss of his employment after the hardship forbearance ended so he could not remit payment

       towards the Account, which can reasonably be expected to harass Mr. Johnsey.

    b. Defendant also violated Fla. Stat. § 559.72(7) by continuing to place calls to Mr. Johnsey's Cellular Telephone despite Mr. Johnsey's demand that Defendant stop calling him, which can reasonably be expected to harass Mr. Johnsey.

54. As a result of the above violations of the FCCPA, Mr. Johnsey has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

55. Defendant's phone calls harmed Mr. Johnsey by trespassing upon and interfering with Mr. Johnsey's rights and interests in his Cellular Telephone line.

56. Defendant's phone calls harmed Mr. Johnsey by wasting his time.

57. Defendant's phone calls harmed Mr. Johnsey by being a nuisance and causing him aggravation.

58. Defendant's phone calls harmed Mr. Johnsey by causing a risk of personal injury to Mr. Johnsey due to interruption and distraction.

59. Defendant's phone calls harmed Mr. Johnsey by causing him embarrassment.

60. Defendant's phone calls harmed Mr. Johnsey by causing him emotional distress.

61. Defendant's phone calls harmed Mr. Johnsey by causing him to lose sleep.

62. Defendant's phone calls harmed Mr. Johnsey by causing him stress and anxiety.

63. It has been necessary for Mr. Johnsey to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

64. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Jason Johnsey, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 11, 2018**,

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff